# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50214 | **DATE** | 2/25/2004 |
| **CASE TITLE** | DIRECTV vs. HUCKABAY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Report and Recommendation, it is the recommendation of the Magistrate Judge that a judgment be entered against the following individuals for the following amounts: 1) Robert Peterson - $4920.00; 2) Mark White - $9020.00; 3) Garth Huckabay - $8610.00; 4) Michael Chavez - $10,000; 5) Richard Dailey - $10,000; 6) Ziggy Wierzba - $10,000; and 7) Jerry Best - $6970.00. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| a California corporation | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 50214 |
| | ) | |
| GARTH HUCKABAY, | ) | Philip G. Reinhard |
| | ) | P. Michael Mahoney |
| | ) | |
| Defendant. | ) | |

## Report and Recommendation

DIRECTV, Inc ("DIRECTV") filed suit against numerous individuals alleging violations of the Federal Communications Act, 47 U.S.C. § 605 and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. Some of the individual defendants served in this case did not answer or otherwise plead to DIRECTV's complaint. DIRECTV then filed motions for default as to those individuals who failed to answer or otherwise plead to the complaint. Judge Reinhard granted those motions for default and requested that this court determine a proper damage amount for each individual. This court held a hearing on February 24, 2004 to determine a proper damage amount for each individual. Therefore, it is the report and recommendation of this court that judgment be entered against the following individuals for the following amounts: 1) Robert Peterson - $4920.00; 2) Mark White - $9020.00; 3) Garth Huckabay - $8610.00; 4) Michael Chavez - $10,000; 5) Richard Dailey - $10,000; 6) Ziggy Wierzba - $10,000; and 7) Jerry Best - $6970.00.

## Background

In attempt to combat piracy of its satellite television signal, DIRECTV has sued numerous

individuals, both subscribers and nonsubscribers, for the alleged use of devices that descramble and/or decode DIRECTV's signal. By way of background, and to fully understand the complexity of the pirating efforts against DIRECTV, DIRECTV relays signals from within the United States up to satelites hovering thousands of miles above the Earth. Those signals are then broadcast back to Earth. DIRECTV's signal is received through the use of a fixed outdoor satellite dish which is connected by cable to an indoor satellite receiver which is then connected by cable to a television.

To prevent the unauthorized use of its signal, DIRECTV uses encryption technology to digitally scramble the signal. The satellite receiver is the component that makes descrambling possible. Each satellite receiver contains a removable access card. This card dictates what channels are scrambled and which are not based on the subscription package. Once a DIRECTV customer pays a subscription fee, DIRECTV electronically directs the access card to unscramble portions of the signal depending on what the customer requested.

In May 2001, DIRECTV, with the assistance of local law enforcement, raided several major distributors of pirate access devices. During and subsequent to these raids, DIRECTV obtained shipping records, email communications, credit card receipts and other records identifying individual customers who purchased pirating devices. The pirating devices recovered included Bootloaders, Unloopers, and Emulators. A Bootloader is generally used to rectify DIRECTV's electronic counter measures. An Unlooper is designed to repair access cards that have been rendered unusable and is specifically designed for use with certain software. An Emulator works through a computer so that the access card cannot be looped by DIRECTV's electronic counter measures.

## Discussion

DIRECTV seeks damages against the individual defendants pursuant to 47 U.S.C. § 605

(e)(3)(C)(i)(II) which states:

> the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

DIRECTV does not seek damages pursuant to paragraph (4) so this court need not discuss that section. Thus, this court must determine reasonable damages for each individual defendant in an amount not less than $1,000 and not more than $10,000. While the statutory minimum generally would be appropriate where DIRECTV failed to offer any justification in excess of the statutory minimum, *DIRECTV v. Hamilton*, 215 F.R.D. 460, 462 (S.D.N.Y 2003)(finding that Plaintiff failed to proffer any justification for an award in excess of the statutory minimum), this court does not believe this to be such a case. Rather, this court finds that DIRECTV has provided more then ample justification for a finding above the statutory minimum. In fact, this court finds that DIRECTV clearly established a typical loss of $205.00 a month for the illegal use of its signal. This court will discuss each individual defendant below.

1.  Robert Peterson

At the February 24, 2004 hearing, DIRECTV presented evidence that Mr. Robert Peterson purchased a Loader/Unlooper in February 2001. DIRECTV also presented evidence that established Mr. Peterson previously subscribed for and received DIRECTV's NFL package. However, as of February 2001, Mr. Peterson failed to renew his subscription for the NFL package. Therefore, it appears that Mr. Peterson has been using the piracy equipment, namely the Unlooper, for 24 months.

3

At $205.00 a month, this court recommends a judgment be entered against Mr. Peterson in the amount of $4920.

2. Mark White

Mr. Mark White purchased an Unlooper in July 2000. Additionally, DIRECTV presented evidence that Mr. White is not a DIRECTV subscriber. Mr. White probably bought a DIRECTV satellite dish and receiver from an outside source[1] and used the Unlooper to obtain pay per view service illegally. Therefore, it appears that Mr. White has been using the piracy equipment, namely the Unlooper, for 44 months. At $205.00 a month, this court recommends a judgment be entered against Mr. White in the amount of $9,020.

3. Garth Huckabay

Mr. Garth Huckabay purchased an Unlooper in September 2000. Like Mr. White, DIRECTV also presented evidence that Mr. Huckabay is not a DIRECTV subscriber. DIRECTV again argued that Mr. Huckabay bought DIRECTV hardware and used the Unlooper to obtain pay per view service illegally. Therefore, it appears that Mr. Huckabay has been using the piracy equipment, namely the Unlooper, for 42 months. At $205.00 a month, this court recommends a judgment be entered against Mr. Huckabay in the amount of $8610.

4. Michael Chavez

Mr. Michael Chavez purchased three Unloopers in October 2000. It is not known whether Mr. Chavez used the three Unloopers in his house or if he gave or sold two of the three. While Mr.

---

[1] DIRECTV stated during the hearing that DIRECTV's satellite dish and receiver is readily available for purchase at garage sales, on Ebay, and other internet sites.

4

Chavez is a DIRECTV subscriber,[2] DIRECTV presented evidence that up until February 2001, Mr. Chavez purchased at least one pay per view movie a month. However, since February 2001, Mr. Chavez ceased purchasing any pay per view movies even though he still subscribes to DIRECTV. Therefore, it appears Mr. Chavez has been using the piracy equipment, namely the Unloopers, for 36 months.[3] At $205.00 a month, Mr. Chavez would pay $7380.00. However, because Mr. Chavez purchased three Unloopers, this court recommends a judgment be entered against Mr. Chavez in the amount of $10,000.

5. Richard Dailey

Mr. Richard Dailey has been a DIRECTV subscriber since 1998. DIRECTV presented evidence that Mr. Dailey purchased many pay per view titles until May 2000. The records from the raid indicate Mr. Dailey purchased an Unlooper in March 2001 and an Emulator in April 2001. Therefore, it appears Mr. Dailey has been using the piracy equipment, namely the Unlooper and the Emulator, for 35 months.[4] At $205.00 a month, Mr. Dailey would pay $7175.00. However, because Mr. Dailey purchased an Unlooper and an Emulator, this court recommends a judgment be entered against Mr. Dailey in the amount of $10,000.

6. Ziggy Wierzba

Mr. Ziggy Wierzba is the most egregious of all the present defendants. In March 2001, Mr.

---

[2] DIRECTV stated in court that Mr. Chavez is up to date on his DIRECTV bill as of December 2003.

[3] While Mr. Chavez purchased the Unloopers in October 2000, it does not appear he started using them until February 2001 when he ceased purchasing pay per view. Therefore, this court will assume Mr. Chavez has been using the equipment illegally for 36 months.

[4] Like Mr. Chavez, this court will use the date of purchase as the starting point in determining the length of Mr. Dailey's illegal descrambling of DIRECTV's signal.

Wierzba purchased two Boot Loaders, one Emulator and one Programer. Mr. Wierzba has been using these items for 35 months. Mr. Wierzba's multiple purchases dictates that this court recommend a judgment be entered against Mr. Wierzba for the statutory maximum of $10,000.

7. Jerry Best

Mr. Jerry Best purchased an Unlooper combo with programer in April 2001. DIRECTV's records indicate Mr. Best, who is still a DIRECTV customer, previously purchased the NFL package but from 1998 to 2003, Mr. Best purchased no pay per view titles. Even more disturbing, at the February 24, 2004 hearing, DIRECTV presented evidence that Mr. Best is a subscriber to Pirates Den, a website geared to informing individuals how to hack into DIRECTV signal. In fact, DIRECTV presented evidence that Mr. Best posted a message in Pirates Den's chatroom in November 2000. Therefore, it appears Mr. Best has been using the piracy equipment, namely the Unlooper combo with programer, for 34 months. At $205.00 a month, this court recommends a judgment be entered against Mr. Best in the amount $6,970.

## Conclusion

For the above stated reasons, it is the Report and Recommendation of the Magistrate Judge that a judgment be entered against the following individuals for the following amounts: 1) Robert Peterson - $4920.00; 2) Mark White - $9020.00; 3) Garth Huckabay - $8610.00; 4) Michael Chavez - $10,000; 5) Richard Dailey - $10,000; 6) Ziggy Wierzba - $10,000; and 7) Jerry Best - $6970.00. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 2/25/04